IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| JUAN MANUEL HERNANDEZ-MARTINEZ, on behalf of himself and themselves and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>Speight Seed Farms, Inc., John Milton Beamon, and Emma Ortega,<br><br>Defendants. | CLASS ACTION<br><br>Case No: 4-13-CV-82-BO |

**ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter comes before the Court on the parties' Joint Motion for Preliminary Approval of Class Action Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

Having reviewed the proposed Settlement Agreement between the parties in this matter (the "Settlement Agreement") for the purposes of resolving this litigation, and having considered the parties' Joint Motion and all other relevant pleadings and matters of record, the Court finds that:

A. By separate Order the Court has already determined that the named plaintiff should be certified to represent the following class of current and form H-2A employees of the Speight defendants:

> Each person jointly or severally employed by one or more of the Speight defendants to perform temporary agricultural work under the H-2A program at any time in the time period from March 27, 2011 until December 31, 2012 who was not paid all wages when due in

1

violation of N.C.Gen.Stat. Section 95-25.6 based upon certain savings plan wage deductions.

B. By separate Order the Court has also already determined that the named plaintiff should be certified to represent the following FLSA collective action of current and form H-2A employees of the Speight defendants:

> Each person jointly or severally employed by one or more of the Speight defendants to perform temporary agricultural work under the H-2A program at any time in the time period from March 27, 2011 until December 31, 2012 who was paid at less than the minimum rate required by the FLSA for all hours worked for any workweek in that same time period based upon certain savings plan wage deductions. .

C. Counsel for the plaintiff will adequately represent and has adequately represented the Plaintiff Class and Collective Action members to date.

D. The Settlement Agreement, which upon final approval by the Court will fully settle all aspects of this bilateral class action, falls within "the range of reasonableness" and "possible approval." See Horton v. Merill Lynch, 855 F.Supp. 825, 827 (E.D.N.C. 1994); In Re Montgomery County Real Estate Antitrust Litigation, 83 F.R.D. 305 (D.Md. 1988); In Re Mid-Atlantic Toyota Antitrust Litigation, 564 F.Supp. 1379, 1384 (D.Md. 1983), quoting Manual for Complex Litigation §1.46 at 62, 64-65 (5h Ed. 1982). This lawsuit presents novel and complex issues. The parties have conducted substantial discovery of the facts bearing on the claims in the case. Due to the uncertainties associated with the resolution of these novel and complex issues, the parties, through respective counsel, engaged in lengthy

2

settlement negotiations regarding possible consensual resolution of the lawsuit, which led to the Settlement Agreement. The Settlement Agreement is a reasonable and efficient manner in which to settle the lawsuit and is within the range of possible approval.

    E.    The contents of the proposed notice to Plaintiff Class Members meet the requirements of Rule 23 of the North Carolina Rules. The proposed Notice to the Plaintiff Class and collective action membere (the "Notice") is both neutral and comprehensive documents and fairly apprises the Plaintiff Class Members of (i) the pendency of the class action, (ii) the substance of the litigation, (iii) the areas of dispute and reasons for compromising the claims, and (iv) the terms of the proposed settlement. The Notices also provide the Plaintiff Class Members with an opportunity to obtain any necessary further information, and apprises them of their right to object to the settlement (and for the Plaintiff Class Members, their right to opt out of the settlement), the objection deadline, and the date of the hearing on this Court's final approval, if any, of the Settlement Agreement.

    F.    Notice to the Plaintiff Class Members by the following means is the best practicable notice under the circumstances and complies with the requirements of Rule 23 of the North Carolina Rules. Rule 23(c)(2)(B), Fed.R.Civ.P. No other notice need be given:

1. On or before the date falling seven (7) days after the date of the Court's approval of the notice and plan, whichever date is earlier, the Speight defendants shall deliver, if they have not already done so, any mailing address that is known to the Speight defendants and/or defendant Emma Ortega for any person(s) who was employed by one or more Speight defendants under the H-2A program to perform any agricultural work in North Carolina at any time in the time period from March 27, 2011 through December 31, 2012. Through their attorney, the Speight defendants represent that the Speight defendants have already provided to the Plaintiff's attorney all information known to the Speight defendants that pertains to the mailing address of the named plaintiff or class and/or FLSA collective action member.

2. Within thirty (30) days of the date on which plaintiff's counsel receives all of the information required by ¶1 or thirty (30) days after the date on which the Court files its Order approving the content of the Notice to be distributed to the members of the class and collective action that the Court has certified in this action, whichever date is later, the named plaintiff shall provide written notice (translated into Spanish) of the Court's certification of both the Rule 23(b)(3) class and the FLSA collective action under 29 U.S.C. §216(b) against the Speight defendants and the terms of the proposed settlement of that Rule 23(b)(3) class and the FLSA collective action against the Speight defendants in the Notice to Class that has been approved by this Court in English by U.S. Mail, first class

4

delivery, postage prepaid, to any valid, known addresses for each class member.

3. In addition, within sixty (60) days after the date on which the Court files its Order approving the content of the Notice to be distributed to the members of the class and collective action that the Court has certified in this action, the Speight defendants shall distribute by hand a summary of the Notice to Class approved by the Court to each member of the class and/or FLSA collective action certified by the Court who is employed by one or more of the Speight defendants to work under the H-2A program at any time in 2014 in a form and manner and with content acceptable to counsel for the plaintiff and the Speight defendants.

I. Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

Based on the foregoing, and in the exercise of the Court's discretion, it is hereby ORDERED that:

1. Robert J. Willis is hereby designated as Class Counsel for the Plaintiff Class and Collective action that the Court has certified by separately filed Order.

2. The proposed Settlement Agreement, including the provisions relating to the costs, expenses, and fees for Class Counsels for the Plaintiff Classes, appears, upon preliminary review, to be within the range of reasonableness and possible approval and accordingly is preliminarily approved and shall be submitted to

5

the Plaintiff Class Members for their consideration by way of the Notice to Plaintiff Class and members of the Plaintiff Collective action, and for a hearing under Rule 23 of the Federal Rules of Civil Procedure.

3. The Court shall conduct a hearing for final consideration and approval of the proposed Settlement Agreement after the close of the notice period set forth in the Settlement Agreement and on joint motion of the parties. Plaintiff Class and Collective Action Members who have any objections or other responses to the proposed Settlement Agreement shall file them in writing with the Court, and send a copy to counsel for the parties within the time period set forth in the Settlement Agreement for making any objections or other responses to the proposed Settlement Agreement.

This the _21_ day of _February_, 201_4_.

_____
U.S. District Court Judge