IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| JUAN MANUEL HERNANDEZ-MARTINEZ, on behalf of himself and themselves and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>Speight Seed Farms, Inc., John Milton Beamon, and Emma Ortega,<br><br>Defendants. | **ORDER FOR CLASS CERTIFICATION**<br><br>Case No: 4-13-CV-82-BO |

This matter is before the Court on the Joint Motion by the named plaintiff, defendants Speight Seed Farms, Inc. and John Milton Beaman (hereinafter referred to as "the Speight defendants"), and defendant Emma Ortega in furtherance of their settlement agreement to Certify This Action As a Rule 23(b)(3) and FLSA collective action. In support of their joint motion, the named plaintiffs have filed a joint memorandum of law.

The Court has reviewed all of the relevant pleadings and exhibits in the record concerning this motion and has determined that the named plaintiff has met his burden of proof under 29 U.S.C. §216(b) and Rule 23(b)(3), Fed.R.Civ.P., to have the plaintiff's Third and Fourth Claims for Relief (Doc. 35 at 8-9 (¶¶22-23), at 14 (¶¶35-36), and at 39-41 (¶¶113-118), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the North Carolina Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. §§95-25.1 et seq. certified for settlement purposes as a collective action under 29 U.S.C. § 216(b), and a class action under Rule 23(b)(3) against the Speight defendants for the time period from March 27, 2011 through December 31, 2012. Collective action

1

certification is allowed under §216(b) for only those persons who have filed a written Consent to Sue pursuant to 29 U.S.C. §216(b) on or before the date this Court files any Order approving the terms of the proposed settlement between the named plaintiff, the class and collective action he has been certified to represent, and the Speight defendants.

The Fourth Claim for Relief alleged against the Speight defendants by the named plaintiff and the members of the FLSA collective action he seeks to represent is a collective action for liquidated damages under the FLSA, 29 U.S.C. §§206(a) and 216(b). In that Fourth Claim for Relief against the Speight defendants, the plaintiff seeks liquidated damages based on the alleged failure of defendants John Milton Beaman, Speight Seed Farms, Inc. (hereinafter referred to as the "Speight defendants"), and defendant Emma Ortega to pay wages at the rate required by 29 U.S.C. § 206(a) to the plaintiff and all members of the collective group of persons defined in ¶¶22-23 of the Second Amended Complaint as follows:

> Each person jointly or severally employed by one or more of the Speight defendants to perform temporary agricultural work under the H-2A program at any time in the time period from March 27, 2011 until December 31, 2012 who was paid at less than the minimum rate required by the FLSA for all hours worked for any workweek in that same time period based upon certain savings plan wage deductions. .

Doc. 35 at 8-9 (¶¶22-23).

The Third Claim for Relief alleged against those same defendants is a statutory claim for back wages and liquidated damages under the NCWHA, N.C.Gen.Stat. §§ 95-25.6, 95-25.8((a)(1) and 95-25.8(b)(1), and 95-25.22(a1) based upon the Speight defendants' failure to pay promised wages to the plaintiff and the class members at the minimum wage rate the defendants disclosed to them pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and 20 C.F.R. § 655.135(e). In that Third Claim for Relief

against the Speight defendants, the plaintiff seeks liquidated damages based on alleged failure of the Speight defendants to pay wages at the minimum rate for promised wages that the Speight defendants disclosed to the plaintiff and all members of the Rule 23(b)(3) class of persons defined in ¶¶35-36 of the Second Amended Complaint as follows:

> Each person jointly or severally employed by one or more of the Speight defendants to perform temporary agricultural work under the H-2A program at any time in the time period from March 27, 2011 until December 31, 2012 who was not paid all wages when due in violation of N.C.Gen.Stat. Section 95-25.6 based upon certain savings plan wage deductions.

Doc. 3 5 at 14 (¶¶35-36).

Pursuant to the terms of a settlement of this action between the parties, the parties have stipulated to class certification of the plaintiff's NCWHA claim for the time period from March 27, 2011 through December 31, 2012, the last date on which the Speight defendants engaged in the savings plan wage deductions that are alleged in the Complaint and described in this Order. Based upon that stipulation and other evidence before the Court, the Court finds that the plaintiffs' NCWHA stipulated class consists of the 33 persons that are listed in Exhibit A attached to the Settlement Agreement between the parties. To date, the named plaintiff has filed a written consent to sue under 29 U.S.C. §216(b) and there are other "similarly situated" members of the FLSA collective action that the named plaintiff seeks to pursue against the Speight defendants. All of the NCWHA and statutory FLSA class members are non-English speaking, transient Mexican national workers with H-2A visas who, by the terms of those H-2A visas, do not reside permanently within this district or the USA. The Court finds that the named plaintiffs and the workers in the FLSA collective action of employees that the plaintiffs seek to represent under 29 U.S.C. § 216(b) are

3

"similarly situated" within the meaning of 29 U.S.C. §216(b), and are sufficiently numerous to warrant collective action certification under that statute. *Bulmaro Ceras-Campo, et al. v. WF Partnership, et al.*, Civil Action No. 5:10-CV-215-BO (E.D.N.C. Order of Class Certification filed May 11, 2012)(Doc. 43-2), at 3-4; *Vincente Jimenez-Orozco v. Baker Roofing Co.*, Civil Action No. 5:05-CV-34-FL, 2007 U.S.Dist.LEXIS 93860, at *9 (E.D.N.C. Order filed Dec. 21, 2007); *Leyva v. Buley*, 125 F.R.D. 512, 514-15 (E.D.Wa. 1989). *See also Haywood v. Barnes*, 109 F.R.D. 568, 576-77 (E.D.N.C. 1986)(citing case authority in which classes composed of as few as 18 persons were certified under Rule 23(b)(3), Fed.R.Civ.P.). The Court also agrees with the factual allegations in ¶37 of the Amended Complaint (Doc. 35 at 14-15) and finds that the class of persons that the named plaintiff seeks to represent under Rule 23(b)(3), Fed.R.Civ.P., with respect to their Third Claim for Relief under the NCWHA (Doc. 35 at 39-40 (¶¶113-115)) is sufficiently numerous and adequately defined to meet the standard for numerosity set forth in Rule 23(a)(1), Fed.R.Civ.P. *Id. See also Avila-Gonzalez v. Barajas*, Case No. 2:04-cv-567-FtM-33DNF, 2005 U.S.Dist.LEXIS 44805, at *9-*10 (M.D.Fla. filed April 25, 2008)(holding same for class of H-2A workers in action under *Arriaga v. Florida Pacific Farms, LLC*, 305 F.3d 1228 (11th Cir. 2002)).

In addition, the Court finds under Rule 23(a)(2), Fed.R.Civ.P., that the questions of law or fact common to the NCWHA class alleged in ¶¶38(a)-(c) of the Second Amended Complaint (Doc. 35 at 15-16) do exist with respect to the individual claims by the named plaintiff set forth in Third Claim for Relief under the NCWHA that is alleged in the plaintiff's Second Amended Complaint. *See Bulmaro Ceras-Campo, et al. v. WF Partnership, et al.*, Civil Action No. 5:10-CV-215-BO (E.D.N.C.

4

Order of Class Certification filed May 11, 2012)(Doc. 43-2), at 4-5; *Vincente Jimenez-Orozco v. Baker Roofing Co.*, Civil Action No. 5:05-CV-34-FL, 2007 U.S.Dist.LEXIS 93860, at *9-*11 (E.D.N.C. Order filed Dec. 21, 2007); *Leyva v. Buley*, 125 F.R.D. 512, 514-15 (E.D.Wa. 1989); *Haywood v. Barnes*, 109 F.R.D. 568, 576-77 (E.D.N.C. 1986). See also *Avila-Gonzalez v. Barajas*, Case No. 2:04-cv-567-FtM-33DNF, 2005 U.S.Dist.LEXIS 44805, at *12-*14 (M.D.Fla. filed April 25, 2008)(holding same for class of H-2A workers in action under *Arriaga v. Florida Pacific Farms, LLC*, 305 F.3d 1228 (11th Cir. 2002)). Similarly, the claim of the named plaintiff under the NCWHA is typical of the NCWHA claim of the class members that the named plaintiff seeks to represent. See *Bulmaro Ceras-Campo, et al. v. WF Partnership, et al.*, Civil Action No. 5:10-CV-215-BO (E.D.N.C. Order of Class Certification filed May 11, 2012)(Doc. 43-2), at 5-6; *Jimenez-Orozco v. Baker Roofing Co., supra*, 2007 U.S.Dist.LEXIS 93860, at *11-*12, *Leyva v. Buley, supra; Haywood v. Barnes*, 109 F.R.D. at 577-78. See also *Avila-Gonzalez v. Barajas, supra*, 2005 U.S.Dist.LEXIS 44805, at *10-*12 (M.D.Fla. filed April 25, 2008)(holding same for class of H-2A workers in action under *Arriaga v. Florida Pacific Farms, LLC*, 305 F.3d 1228 (11th Cir. 2002)).

The court's determination on typicality is based upon evidence that indicates that the named plaintiff alleges that the Speight defendants, as an alleged joint employer of the named plaintiff and the class he seeks to represent, allegedly did not pay them wages at the minimum rate that the Speight defendants disclosed in their clearance job order contracts and pursuant to 29 C.F.R. § 516.4 for various workweeks when those wages were due for the agricultural work that they performed under the H-2A program in the time period beginning on March 27, 2011 and ending with December 31, 2012. This finding of typicality is further

5

supported by the plaintiff's allegation and documentary evidence that the Speight defendants violated their disclosures under N.C.Gen.Stat. §§ 95-25.13(1)-(2) detailed in the clearance order job contract and in the posting they made pursuant to 29 C.F.R. § 516.4 with the named plaintiff and the class he seeks to represent to pay wages when due (in their alleged capacity as joint employers of the plaintiff and the class) at the minimum rate required by the FLSA in violation of G.S. §95-25.6 based upon certain wage deductions for wage savings plan system operated by the Speight defendants. The commonality or similarity that the named plaintiff shares with those class members he seeks to represent lies in the fact that the issues raised in the claims of the named plaintiff are common to those of the persons whom he seeks to represent with respect to the following issues:

(1) Did the Speight defendants violate their disclosures as to promised wages made pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) that they were going to pay all wages due on each regular weekly payday at the minimum rate described in 29 U.S.C. § 206(a) and in the written disclosures that the Speight defendants made in the clearance order job contracts that the Speight defendants had with the named Plaintiff and the class and subclass defined in ¶36 of the Second Amended Complaint by making involuntary and/or voluntary wage deductions from the weekly wages that were due each of the named Plaintiff and the members of the class and subclass defined in ¶36 of the Second Amended Complaint as part of an alleged wage savings plan?

(2) Did the Speight defendants violate any of the wage payment provisions of N.C.Gen.Stat. §§ 95-25.6 and 95-25.8(a) and 13 N.C.A.C. Tit. 12 §§ .0305(a)-(c) of the North Carolina Wage and Hour Act ("NCWHA") applicable to all of the named Plaintiff and the class and

6

subclass defined in ¶36 of the Second Amended Complaint by making involuntary and/or voluntary wage deductions from the weekly wages that were due each of the named Plaintiff and the members of the class and subclass defined in ¶36 of the Second Amended Complaint as part of an alleged wage savings plan?

(3) Were the involuntary and/or voluntary wage deductions that the Speight defendants made from the weekly wages that were due the named Plaintiff Hernandez and the members of the subclass defined in ¶36 of the Second Amended Complaint made in violation of N.C.Gen.Stat. § 95-25.6 and 95-25.8(a), 13 N.C.A.C. Tit. 12 §§ .0305(a)-(c) and .0305(g), and/or 20 C.F.R. § 655.122(m), and 20 C.F.R. § 655.122(p)(1)(2010)?

(4) Did any of the weekly wage deductions that the Speight defendants made from the weekly wages paid free and clear to the named Plaintiff and each member of the class and subclass defined in ¶36 of the Second Amended Complaint reduce the net weekly wage paid to those same workers below the minimum rate required by 29 U.S.C. § 206(a) or the minimum rate required by 20 C.F.R. § 655.120 for the hours worked in the relevant workweek by each such worker? *See* Third Claim for Relief in Second Amended Complaint (¶¶113-115), ¶¶90-91 and 100-102 (alleging violation of disclosures as to promised wages made pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2)) and ¶¶35-36 of the Second Amended Complaint (defining affected class for this particular claim for relief).

The plaintiff is an adequate representative of the class under Rule 23(a)(4), Fed.R.Civ.P. Present counsel for the plaintiff is an experienced attorney who has litigated other class actions. *See, e.g., Bulmaro Ceras-Campo, et al. v. WF Parnership, et al., supra* (Robert J. Willis counsel for class action involving more than 100 H-2A workers);

7

*Jimenez-Orozco v. Baker Roofing Co.*, *supra* (Robert J. Willis counsel for class action involving close to 1,000 workers); *Haywood v. Barnes*, 109 F.R.D. at 573 and 579 (Robert J. Willis acts as counsel for class action involving almost 800 migrant workers). An affidavit of lead counsel demonstrates that the named plaintiff has maintained his interest in this litigation and made himself available to plaintiff's counsel throughout this litigation despite the communication handicaps associated with his transient, impoverished, and non-English speaking status as a resident and national of Mexico.

Therefore, the Court finds that all of the requirements of Rule 23(a) for certification of class action have been met. Having made this determination, the Court further determines that questions of law or fact common to the class members in the plaintiff's NCWHA class claim predominate over any questions affecting only individual class members, and that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. *See Bulmaro Ceras-Campo, et al. v. WF Parnership, et al.*, *supra*, at 6-7; *Jimenez-Orozco v. Baker Roofing Co.*, *supra*, 2007 U.S.Dist.LEXIS 93860, at *13-*15, *Leyva v. Buley*, *supra*; *Haywood v. Barnes*, 109 F.R.D. at 577-78. *See also Avila-Gonzalez v. Barajas*, *supra*, 2005 U.S.Dist.LEXIS 44805, at *15-*20 (M.D.Fla. filed April 25, 2008)(holding same for class of H-2A workers in action under *Arriaga v. Florida Pacific Farms, LLC*, 305 F.3d 1228 (11th Cir. 2002)).

This finding is based upon the total absence of any questions of fact affecting any individual class members with respect to the NCWHA claim of the NCWHA class members and the common issues that the named plaintiff and the NCWHA class members all share: (1) Did the Speight defendants violate their disclosures as to promised wages made pursuant

8

to N.C.Gen.Stat. §§ 95-25.13(1)-(2) that they were going to pay all wages due on each regular weekly payday at the minimum rate described in 29 U.S.C. § 206(a) and in the written disclosures that the Speight defendants made in the clearance order job contracts that the Speight defendants had with the named Plaintiff and the class and subclass defined in ¶36 of the Second Amended Complaint? (2) Did the Speight defendants violate any of the wage payment provisions of N.C.Gen.Stat. §§ 95-25.6 and 95-25.8(a) and 13 N.C.A.C. Tit. 12 §§ .0305(a)-(c) of the North Carolina Wage and Hour Act ("NCWHA") applicable to all of the named Plaintiff and the class and subclass defined in ¶36 of the Second Amended Complaint by making involuntary and/or voluntary wage deductions from the weekly wages that were due each of the named Plaintiff and the members of the class and subclass defined in ¶36 of the Second Amended Complaint as part of an alleged wage savings plan? (3) Were the involuntary and/or voluntary wage deductions that the Speight defendants made from the weekly wages that were due the named Plaintiff Hernandez and the members of the subclass defined in ¶36 of the Second Amended Complaint made in violation of N.C.Gen.Stat. § 95-25.6 and 95-25.8(a), 13 N.C.A.C. Tit. 12 §§ .0305(a)-(c) and .0305(g), and/or 20 C.F.R. § 655.122(m), and 20 C.F.R. § 655.122(p)(1)(2010)? (4) Did any of the weekly wage deductions that the Speight defendants made from the weekly wages paid free and clear to the named Plaintiff and each member of the class and subclass defined in ¶36 of the Second Amended Complaint reduce the net weekly wage paid to those same workers below the minimum rate required by 29 U.S.C. § 206(a) or the minimum rate required by 20 C.F.R. § 655.120 for the hours worked in the relevant workweek by each such worker? *See* Third Claim for Relief in Second Amended Complaint (¶¶113-115), ¶¶90-91 and 100-102 (alleging violation

9

of disclosures as to promised wages made pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2)) and ¶¶35-36 of the Second Amended Complaint (defining affected class for this particular claim for relief). A single lawsuit to resolve the claims of all of these workers is superior to the pursuit of multiple lawsuits over those same claims as it will allow for a more efficient resolution of all of those claims in one court while avoiding the possibility of inconsistent results.

Accordingly, the joint motion for certification of the plaintiff's Third Claim for Relief under the NCWHA as a class action under Rule 23(b)(3), Fed.R.Civ.P., is GRANTED for the time period from March 27, 2011 to December 31, 2012 for those persons included in the class definition set forth above. The joint motion for class certification of the FLSA collective action that is defined above under the FLSA is also GRANTED with respect to all those persons who have filed a written Consent to Sue under 29 U.S.C. §216(b) on or before the date on which the Court files any Order approving the terms of the proposed settlement between the named plaintiff and the Speight defendants.

The named plaintiff shall provide written notice of this certification of both the Rule 23(b)(3) class and the statutory class under 29 U.S.C. §216(b) and the terms of the proposed settlement of that Rule 23(b)(3) class and statutory class in a Notice to be approved by this Court in English. That Notice shall then be translated into Spanish for distribution to all putative class and collective action members by U.S. Mail, first class delivery, postage prepaid, to the valid, last known address of each class and collective action member on or before the date falling thirty (30) days after the date on which the Court approves the content and method of notice distribution to those class and FLSA collective action members in this case. To facilitate

10

the direct mailing to the members of the class and FLSA collective action that the Court has certified in this Order, the Speight defendants and defendant Emma Ortega shall provide the plaintiff's counsel with any information in the possession of defendants John Milton Beaman, Speight Seed Farms, Inc., and/or Emma Ortega as to the valid, last known mailing address of each class member within fifteen (15) days of the date of this order to allow the plaintiff to provide that notice. In addition, within sixty (60) days after the date on which the Court approves the content and method of notice distribution to the class and collective action members in this case, defendants John Milton Beaman and Speight Seed Farms, Inc. shall provide by hand delivery a summary of the Notice to Class approved by the Court to each member of the class and/or FLSA collective action certified by the Court who is employed by one or more of the Speight defendants to work under the H-2A program in 2014 where that member(s) is actually residing on property that is owned or controlled by one or more of the Speight defendants.

IT IS SO ORDERED.

DONE and ORDERED at *Elizabeth City*, North Carolina, this the 13 day of *April*, 2014.

*Terence W. Boyle*
UNITED STATES DISTRICT COURT JUDGE