IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No: 4-13-CV-82-BO

| | |
|---|---|
| JUAN MANUEL HERNANDEZ-MARTINEZ, on behalf of himself and themselves and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>Speight Seed Farms, Inc., John Milton Beamon, and Emma Ortega,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) **ORDER OF FINAL APPROVAL**<br>) **OF CLASS SETTLEMENT**<br>)<br>)<br>)<br>)<br>)<br>) |

This matter is before the court on the parties' joint motion for final approval of settlement and notice to class and claims forms (Doc. _56_ ). Following preliminary approval of settlement granted by court order filed February 24, 2014, a fairness hearing to determine final approval was held before the undersigned on August 5, 2014, in Raleigh, North Carolina. Having reviewed the record, heard arguments from the parties, and granted class members an opportunity to voice any objections to the proposed settlement, these issues raised are ripe for adjudication.

BACKGROUND

Plaintiffs assert claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Stat. §§ 95-24.1 to 95-25.25 alleging that during the applicable time period, plaintiff and others similarly situated were employed as temporary agricultural workers under the guestworker H-2A program by defendants and suffered *de facto* wage deductions for various pre-employment expenses that they incurred as a condition of their employment by the defendants. *See*

1

*generally Arriaga v. Florida Pacific Farms, LLC*, 305 F.3d 1228 (11th Cir. 2002). -The plaintiffs also alleged that during that same time period the defendants were liable for for payment of liquidated damages under 29 U.S.C. § 216(b) and N.C.Gen.Stat. § 95-25.22(a1) based upon their alleged failure to pay all wages when due under N.C.Gen.Stat. § 95-25.6 at the minimum rate disclosed to the plaintiffs pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and required by 29 U.S.C. § 206(a) for all hours worked by the named H-2A plaintiff and the members of that alleged class action through the use of the same involuntary savings plan wage deduction system that was the subject of the plaintiff's FLSA collective action claim. Doc. 35 at 14-18 (¶¶35-42) and at 39-40 (¶¶113-115). As with the plaintiff's FLSA claim, this NCWHA class claim was also based upon the plaintiff's allegations that those wage deductions were not voluntary, reduced the net wages of the plaintiff and his co-workers below the promised minimum rate required by 29 U.S.C. § 206(a) and disclosed pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2), and occurred without the prior written and signed wage deduction authorization required by the NCWHA. *See* Doc. 35 at 32-34 (¶¶93 and 97), and N.C.Gen.Stat. §§ 95-25.8(a)(2)(i) and 95-25.8(a)(3)(i). Defendants denied plaintiffs' allegations.

After substantial discovery and extensive settlement negotiations over several months, the parties reached a proposed settlement of the matter, subject to this court's approval. See Doc. 50-1 (copy of Settlement Agreement).

On February 27, 2014, the parties filed joint motion to certify class and collective action which the Court granted by Order filed on April 17, 2014. See Doc. 46 and Doc. 51. The parties' joint motion for preliminary approval of class settlement was approved by this

Court by Order filed on February 24, 2014. Doc. 45. The Court then filed an Order approving the content of the notice to class and methods of distribution of class notice on April 17, 2014. Doc. 52. Based upon these Orders, the parties have proceeded.

Pursuant to notice, a fairness hearing was held August 5, 2014, at Raleigh, North Carolina. Doc. 53. Plaintiff was represented at hearing by class counsel Robert J. Willis, and defendants were represented by William A. Oden, III of Ward and Smith, P.A. No written objections were received before that hearing.

## COURT'S DISCUSSION

Rule 23(e) provides that a class action "shall not be ... compromised without approval of the [district] court ...." Fed. R. Civ. P. 23(e). To this end, "the role of a court reviewing the proposed settlement of a class action under Fed. R. Civ. P. 23(e) is to assure that the procedures followed meet the requirements of the Rule and comport with due process and to examine the settlement for fairness and adequacy." Ultimately, approval of a class action settlement is committed to "the sound discretion of the district courts to appraise the reasonableness of particular class-action settlements on a case-by-case basis, in light of the relevant circumstances." *Evans v. Jeff D.*, 475 U.S. 717, 742, 106 S. Ct. 1531, 89 L. Ed.2d 747 (1986). However, "there is a strong initial presumption that the compromise is fair and reasonable." South Carolina Nat'l Bank v. Stone, 139 F.R.D. 335, 339 (D.S.C. 1991). The Fourth Circuit has held that "it is entirely in order for the trial court to limit its proceedings to whatever is necessary to aid it in reaching an informed, just and reasoned decision." *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir.1975), *cert. denied*, 424 U.S. 967, 96 S. Ct. 1462, 47 L. Ed. 2d 734 (1976).

3

Case 4:13-cv-00082-BO   Document 58   Filed 08/20/14   Page 3 of 6

At the fairness hearing, the court made inquiry as to whether there was any objection to the overall terms of the proposed settlement, or the amount thereof. Out of a noticed class of slightly over thirty persons, the court received no objections. Based upon the court's review of the terms of that settlement and its application of the legal standards for review of a class and collective action settlement under Federal Rules of Civil Procedure Rule 23(e)(2) that are set forth above, the court found the settlement to be fair, reasonable, and adequate. In reaching its determination, among other things, the court noted that the case has been actively prosecuted and defended since the complaint was first filed in this court in March 2013. Pertinent legal issues and disputes in discovery have been vigorously contested. The case also involved arms-length settlement negotiations over several months. Through those efforts, a plan for settlement was agreed to by the parties.

The general duty of the court is to ensure that the settlement is (1) fair to all class members, (2) reasonable in relation to the merits of their claims, and (3) adequate to redress any injuries suffered. See, e.g., *Vicente Jimenez-Orozco, et al. v. Baker Roofing Company, et al.*, Civil Action No. 5:05-CV-14-FL (E.D.N.C. Order filed July 28, 2008), p. 4. After careful consideration of the record, matters taken up at hearing, and also for the reasons set forth in the court's order of February 24, 2014 (Doc. 45) in its ruling on preliminary approval of the proposed class settlement, the court found and continues to find the objectives achieved.

The court approves the Notice of Final Approval of Settlement, Right to Participate and Right to be Excluded from Class form, the attached Claim for Settlement Payment and Consent to Sue form, and the attached Request to be Excluded from Class form attached to

4

the Joint Motion filed by the parties. The Court also finally approves the proposed settlement. The proposed Notice of Final Approval, along with the Claim Form and the Request to be Excluded concisely and clearly state in easily understood language the prospective class member's right to participate in the settlement, the amount to which the prospective class member is entitled under the settlement, the method by which the prospective class member may make a claim for payment or alternatively, may request to be excluded from the class, and the binding effect of the class judgment on class members.

The method of serving the Notice of Final Approval of Settlement, Right to Participate and Right to be Excluded from Class form, Claim for Settlement Payment and Consent to Sue form, and Request to be Excluded from Class notice shall be by the same methods that the court approved in its Order Approving Content of Notice to Class and Methods of Distribution of Class Notice filed on April 17, 2014. Doc. 52. The Notice shall be in Spanish language to each prospective class member who previously received the first notice. The mailing of these will be handled by counsel for the plaintiff class.

The envelope containing the notices and forms shall state on the front in large letters in both English and Spanish "Court Approved Notice." The return address on the envelope shall be the address of the outside firm, which shall be identified as "Notice Administrator for U.S. District Court." There shall be nothing other than the notice and the forms in each envelope. Notices to all putative class member identified as set forth above shall be mailed no later than 30 days from the date this Order is filed by the court.

5
Case 4:13-cv-00082-BO   Document 58   Filed 08/20/14   Page 5 of 6

## CONCLUSION

For the reasons and on the terms set forth above, the parties' joint motion for final approval of class settlement and of final notice to class and claims forms is ALLOWED.

SO ORDERED, this the 20 day of August, 2014.

*Terrence W. Boyle*
TERRENCE W. BOYLE
United States District Judge