IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

JUAN MANUEL HERNANDEZ-MARTINEZ, on )
behalf of himself and all other )
similarly situated persons, )
 )
            Plaintiffs, )
 ) CLASS ACTION
v. )
 ) Case No: 4-13-CV-82-BO
Speight Seed Farms, Inc., John Milton )
Beaman, and Emma Ortega, )
 )
            Defendants. )
_____ )

## CONSENT JUDGMENT AND CONSENT ORDER

This is a class action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq. and the North Carolina Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. §§ 95-25.1 et seq. Plaintiff and the class assert claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Stat. §§ 95-24.1 to 95-25.25 alleging that during the applicable time period, plaintiff and others similarly situated were employed as temporary agricultural workers under the guestworker H-2A program by defendants and suffered *de facto* wage deductions for various pre-employment expenses that they incurred as a condition of their employment by the defendants. *See generally Arriaga v. Florida Pacific Farms, LLC*, 305 F.3d 1228 (11th Cir. 2002). The plaintiff and the class also alleged that during that same time period the defendants were liable for payment of liquidated damages under 29 U.S.C. § 216(b) and N.C.Gen.Stat. § 95-25.22(a1)

1

based upon their alleged failure to pay all wages when due under N.C.Gen.Stat. § 95-25.6 at the minimum rate disclosed to the plaintiffs pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and required by 29 U.S.C. § 206(a) for all hours worked by the named H-2A plaintiff and the members of that alleged class action through the use of an allegedly involuntary savings plan wage deduction system that was the subject of the plaintiff's FLSA collective action claim. Doc. 35 at 14-18 (¶¶35-42) and at 39-40 (¶¶113-115). As with the plaintiff's FLSA claim, this NCWHA class claim was also based upon the plaintiff's allegations that those wage deductions were not voluntary, reduced the net wages of the plaintiff and his co-workers below the promised minimum rate required by 29 U.S.C. § 206(a) and disclosed pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2), and occurred without the prior written and signed wage deduction authorization required by the NCWHA. See Doc. 35 at 32-34 (¶¶93 and 97), and N.C.Gen.Stat. §§ 95-25.8(a)(2)(i) and 95-25.8(a)(3)(i). Defendants denied Plaintiff's allegations.

Among the defendants named in the plaintiff's Complaint are John Milton Beaman, the principal of Speight Seed Farms, Inc. ("Beaman"), Speight Seed Farms, Inc., and Emma Ortega, the farm labor contractor supervisor when the plaintiff was allegedly jointly and severally employed by Speight and Beaman, which Defendants deny. Plaintiff contends that during at least 2011 and 2012, Mr. Beaman and Speight Seed Farms, Inc., were agricultural employers operating in and around Pitt County, North Carolina for

2

Case 4:13-cv-00082-BO   Document 60   Filed 09/11/14   Page 2 of 6

which they used or employed persons like the plaintiff. Defendants contend that Plaintiff and all other similarly situated employees were employed by Speight Seed Farms, Inc., not Beamon.

The allegations of the complaint essentially allege that the defendants violated the rights of the plaintiff and the class he has been certified to represent under the FLSA and the NCWHA in a number of different ways. Those alleged ways included, but are not limited to, the alleged failure to pay the plaintiff and the class he has been certified to represent all wages when due under N.C.Gen.Stat. § 95-25.6 at the minimum rate disclosed to the plaintiffs pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and required by 29 U.S.C. § 206(a) for all hours worked by the named H-2A plaintiff and the members of that alleged class action through the use of an allegedly involuntary savings plan wage deduction system that was the subject of the plaintiff's FLSA collective action claim. Doc. 35 at 14-18 (¶¶35-42) and at 39-40 (¶¶113-115).

The defendants John Milton Beaman, Speight Seed Farms, Inc., and Emma Ortega have at all times denied, and continue to deny, any violation of the FLSA and the NCWHA regarding the alleged failure to pay wages when due or the alleged failure to pay at the minimum rate required by 29 U.S.C. § 206(a) and as disclosed pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2). In addition, nothing in this consent order or in the settlement of this action should be construed as an admission or finding of any violation of the Act or wrongdoing of any kind or nature by these same

defendants, and that therefore, upon the date that final payment is made and all other actions specified in this Consent Order are taken in compliance with its terms, defendants John Milton Beaman, Speight Seed Farms, Inc., and Emma Ortega shall be fully released and forever discharged from any and all claims, demands, charges, complaints, rights, and causes of action by the plaintiff and the members of the class he has been certified to represent that arise or may arise against defendants John Milton Beaman, Speight Seed Farms, Inc., and Emma Ortega including but not limited to those under the Fair Labor Standards Act and the NCWHA for the period from January 1, 2010 through the date that this Court enters that consent order.

The named plaintiff and defendants John Milton Beaman, Speight Seed Farms, Inc., and Emma Ortega have decided to enter into this consent order and to settle the claims and potential claims of the named plaintiff and the members of the class he has been certified to represent against defendants John Milton Beaman, Speight Seed Farms, Inc., and Emma Ortega in this case in an effort to avoid further protracted and costly litigation. To that end, the named plaintiff and the members of the class the named plaintiff has been certified to represent and defendants John Milton Beaman, Speight Seed Farms, Inc., and Emma Ortega have mutually stipulated to the entry of this Consent Order, and the Court, therefore, upon consideration of the record herein and being fully advised of the premises,

ORDERS and DECREES:

(1) By consent of the plaintiff Juan Manuel Hernandez-Martinez and defendants John Milton Beaman, Speight Seed Farms, Inc., and Emma Ortega, the terms of this Consent Order shall be subject to enforcement by any person(s) who would receive any benefit from a full and complete execution of its terms.

(2) Starting with September 16, 2014, defendants Speight Seed Farms, Inc. and John Milton Beaman shall pay $1,000.00 on or before the 16th day of each month for twenty-five (25) months into the trust account of the Law Office of Robert J. Willis, P.A. until such time as until such time as those same defendants have made all 25 payments, $25,000.00 being the total amount of the additional settlement payments required by the parties' Settlement Agreement after August 16, 2014. Doc. 50-1 at 2-3.

(3) On or before September 4, 2014 (or within fifteen (15) days of the August 20, 2014 date on which the Court approved the final settlement of this action) the law firm of Ward and Smith, P.A. shall transfer to the Law Office of Robert J. Willis, P.A. by trust account check written on the trust account of the law firm of Ward and Smith, P.A. all funds held by the law firm of Ward and Smith, P.A. pursuant to the terms of paragraph D.i. above of the Settlement Agreement (Doc. 50-1 at 2) approved by the Court.

(4) If any substantial asset of the business of Speight Seed Farms, Inc. and/or John Milton Beaman doing business as Speight Seed Farms, Inc. is sold or transferred as part of the winding up of the business of Speight Seed Farms, Inc. and/or

John Milton Beaman doing business as Speight Seed Farms, Inc. at any time before Speight Seed Farms, Inc. and/or John Milton Beaman have made all of the 36 monthly payments described in paragraphs D.i.-iv. above of the Settlement Agreement (Doc. 50-1) approved by the Court's Order filed on August 20, 2014 (Doc. 58), defendants Speight Seed Farms, Inc. and/or John Milton Beaman shall pay or transfer and are ORDERED to pay and transfer to the Law Office of Robert J. Willis, P.A. the net gain or asset(s) obtained from any such transaction as a credit against any remaining settlement payment(s) due under the terms of paragraphs D.i.-iv. of the Settlement Agreement (Doc. 50-1) approved by the Court's Order (Doc. 58) before defendant Speight Seed Farms, Inc. and/or John Milton Beaman may take title to or receive payment from any the transfer of any such asset.

The undersigned parties agree and stipulate that this Consent Order resolves all matters between defendants and plaintiff Juan Manuel Hernandez-Martinez that are alleged in the plaintiff's Amended Complaint that was filed in the above-captioned action, and the plaintiff's claims against all defendants are dismissed with prejudice except that the Court retains jurisdiction over this action to the extent necessary to enforce the terms of this Consent Judgment and Consent Order.

This the _11_ day of _September_, 2014.

_Terence W. Boyle_
U.S. District Court Judge

6